IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON ELLIOT CARTER, <br> AIS # 261259, <br>     Petitioner, <br><br> v. <br><br> ROLANDA CALLOWAY, et al., <br><br>     Respondents. | ) <br> ) <br> ) <br> ) <br> )     Civil Action No. <br> )     2:22cv701-RAH-CSC <br> )          (WO) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Brandon Elliot Carter, a state inmate at the Elmore Correctional Facility in Elmore, Alabama, initiated this action by filing a petition in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. In his § 2254 petition, Carter challenges his 2017 convictions entered in the Circuit Court of Mobile County, Alabama, for the offenses of burglary in the second degree, kidnapping in the second degree, and criminal mischief in the third degree. Carter was sentenced as a habitual felony offender to life in prison.

**II. DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Carter to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Elmore Correctional Facility is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Southern District of Alabama, where the Circuit Court of Mobile County is located).

Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Carter stem from his convictions and sentence entered by the Circuit Court of Mobile County. The records and witnesses relating to these matters are likely to be located in Mobile County. Therefore, the Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Southern District of Alabama for review and disposition.[1]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation by December 29, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered

---

[1] Carter filed an application for leave to proceed in forma pauperis with his § 2254 petition. Doc. 2. This Court leaves a ruling on that application to the transferee court.

in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of December, 2022.

 /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE