IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON ELLIOT CARTER, <br> AIS 261259, <br><br> Petitioner, <br><br> v. <br><br> ROLANDA CALLOWAY, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:22cv701-RAH-CSC <br> ) <br> ) <br> ) <br> ) |

**ORDER**

On December 13, 2022, Petitioner Brandon Elliot Carter, a state inmate at Elmore Correctional Facility, filed this action in which he seeks habeas corpus relief under 28 U.S.C. § 2254. Specifically, Carter challenges his 2017 convictions for second-degree burglary, second-degree kidnaping, and third-degree criminal mischief in the Mobile County Circuit Court. (Doc. 1 at 1.) On December 15, 2022, the Magistrate Judge recommended this case be transferred to the United States District Court for the Southern District of Alabama. (Doc. 4.) On December 30, 2022, Carter filed Objections (Doc. 5) to the Recommendation.

First, Carter objects to the Magistrate Judge's finding that "[he] was sentenced as a habitual offender." (Doc. 4 at 1.) The Court has reviewed the record and is unable to discern whether Carter was sentenced as a habitual felon. Although Carter argues he is not a habitual felon, he states in an attached document that "[o]n or

about March 15, 2018, [he] began writing to the Circuit Court Clerk's Office of Mobile County and requesting information pertaining to Rule 32, Alabama Rules of Criminal Procedure, Alabama Rules of Appellate Procedure, Rules of Evidence regarding abuse of discretion and *the Alabama Habitual Felony Offender Act*." (Doc. 1-1 at 8 (emphasis added).)  At this stage of the proceedings, it is unnecessary for the Court to decide whether Carter was sentenced as a habitual felony offender. Thus, the Court will not consider this factor in its final determination.

Next, Carter argues the Magistrate Judge's determination that he is challenging his 2017 convictions is incorrect.  All the arguments in his § 2254 Petition, however, challenge the 2017 convictions.

Finally, Carter disagrees with the Magistrate Judge's determination that the evidence related to the challenged convictions is likely to be located in Mobile County.  He argues his state court records may be found in the Alabama Court of Criminal Appeals and the Alabama Supreme Court in Montgomery, Alabama.

Upon conducting an independent and de novo review of the record, the Court concludes the Objections (Doc. 5) to the Magistrate Judge's Recommendation to transfer the case to the Southern District of Alabama are without merit.  Accordingly, it is

ORDERED as follows:

(1) The Objections (Doc. 5) are OVERRULED;

(2) The Recommendation (Doc. 4) is ADOPTED; and

(3) This case is TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

DONE, on this the 26th day of January, 2023.

                              /s/ R. Austin Huffaker, Jr.
                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE